BRORBY, Circuit Judge.
I respectfully dissent.
The United States Supreme Court has directed us to determine whether there is a reasonable probability that, but for Mr. Mayes' counsel's deficient performance, the result of Mr. Mayes' sentencing proceeding would have been different (i.e., the jury would have concluded the balance of aggravating and mitigating circumstances did not warrant death). Strickland v. Washington, 466 U.S. 668, 688, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), I am of the opinion this determination is, unavoidably, a subjective one, formulated in the mind of individual jurists, each bringing his or her own professional and life experiences to bear on the issue of what a jury would have concluded if.
The majority has reviewed the eleven affidavits Mr. Mayes proffered as mitigating evidence and determined there is a reasonable probability that had the jury heard this mitigation evidence the outcome of Mr. Mayes' sentencing would have been different. Applying the same standard, I must agree with the conclusion of the Oklahoma Court of Criminal Appeals and the United States District Court for the Western District of Oklahoma-the proffered mitigation evidence does not satisfy the prejudice component of the Strickland test. For that reason, I do not believe Mr. Mayes is entitled to an evidentiary hearing. I would affirm the district court's order denying habeas relief on all grounds.